**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT D. JOHNSON,<br>CDCR #AL-4784,<br><br>                             Plaintiff,<br><br>      vs.<br><br><br>ANA MONDET, SCOTT STEADMAN, H. MOSELY, BRIAN WILFONG, RONALD BATES, JESSICA LEWIS, JAMES HILL, PATRICK O'NEILL,<br><br>                       Defendants. | Case No.:  3:25-cv-1150-DMS-BLM<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 9] AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.      INTRODUCTION

Robert D. Johnson ("Plaintiff") is a state inmate proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. On July 18, 2025, the Court denied Johnson's request to proceed in forma pauperis ("IFP") and dismissed the action without prejudice. ECF No. 7. The Court granted Plaintiff leave to have his case reopened by either

---

[1] The case was originally filed in the United States District Court for the Central District of California and was transferred to this Court on May 5, 2025. *See* ECF No. 5.

1  submitting a properly supported IFP motion or paying the filing fee. *Id.* Johnson has now

2  filed a renewed IFP motion (ECF No. 9) and the case has been reopened. For the reasons

3  explained below, the Court grants Plaintiff's IFP motion and dismisses the complaint for

4  failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5  ## II.    IFP MOTION

6      All parties instituting any civil action, suit or proceeding in a district court of the

7  United States, except an application for writ of habeas corpus, must pay a filing fee of

8  $405.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire

9  fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant

10 to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);

11 *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an]

12 IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the

13 fee[s] [a]re paid.").

14     To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of

15 all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account

16 statement (or institutional equivalent) for . . . the 6-month period immediately preceding

17 the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113,

18 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds

19 exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average

20 monthly deposits to the prisoner's account' or 'the average monthly balance in the

21 prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly

22 payments of 20 percent of the preceding month's income credited to the prisoner's

23 account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while

24 prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront,

25

26

27  [2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed

28  IFP.  *Id.*

1    they remain obligated to pay the full amount due in monthly payments. *See Bruce v.*

2    *Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281

3    F.3d 844, 847 (9th Cir. 2002).

4    In support of his IFP Motion, Johnson has provided a copy of his prison trust account

5    statement, which reflects an average monthly balance of $870.72, average monthly

6    deposits of $254.00; and an available account balance of $73.68. ECF No. 10 at 4.

7    Accordingly, the Court **GRANTS** Plaintiff's IFP motion and assesses an initial partial

8    filing fee of $174.14 pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected,

9    however, only if sufficient funds are available in Plaintiff's account at the time this Order

10   is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

11   prohibited from bringing a civil action or appealing a civil action or criminal judgment for

12   the reason that the prisoner has no assets and no means by which to pay the initial partial

13   filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-

14   valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . .

15   due to the lack of funds available to him when payment is ordered."). The facility having

16   custody of Plaintiff must thereafter collect the full balance of the $350 fee owed and

17   forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

18   **III.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A(b)**

19   **A.    Standard of Review**

20   Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a

21   prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous,

22   malicious, fails to state a claim, or seeks damages from defendants who are immune. *See*

23   *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*,

24   621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has

25   failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the

26   same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

27   *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a

28   complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible

1  on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

2  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements

3  of a cause of action, supported by mere conclusory statements, do not suffice" to state a

4  claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-

5  harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

6  **B.     Plaintiff's Allegations**

7          Johnson names eight defendants who are either on staff at R.J. Donovan Correctional

8  Facility ("RJD") or with the California Department of Corrections and Rehabilitation

9  ("CDCR") as follows: (1) Ana Mondet, Supervisor of Educational Programs at RJD; (2) S.

10  Steadman, RJD's Supervisor Reviewing Educational Authority; (3) R. Bates, Vice

11  Principal of Career Technical Education at RJD, (4) Jessica Lewis, RJD Assistant Warden;

12  (5) James Hill, RJD Warden; (6) H. Mosely, CDCR Office of Appeals; (7) Patrick O'Neill,

13  CDCR Education Department; and (8) B. Wilfong, CDCR Office of Correctional

14  Education. (ECF No. 1 at 6.)

15          In his complaint, Johson states that from July 1, 2022 to January 25, 2023,

16  Defendants failed to "connect [him] with rehabilitation career technical education (CTE)

17  vocational schooling." (ECF No. 1 at 8.) Johnson needs "enrollment into a vocational

18  school [in order to] earn Milestone good time credits off [his] sentence." (*Id.*)

19          On August 31, 2022, Defendants Mondet, Bates, Steadman, Hill and Lewis "placed

20  [him] on a non-existent CTE vocation welding list," despite acknowledging that Johnson's

21  "high priority need for a vocational certification degree." (*Id.* at 9.) Because the welding

22  class was unavailable in his housing location, Johnson asked Defendants Hill and Lewis to

23  transfer him to "E Yard," where the welding course was then-located. *Id.* at 10. But his

24  request was denied. (*Id.*)

25          Johnson also requested that he be enrolled in a CTE vocational class, "Heatspring

26  (Solar Electricity) School," offered through the North American Board of Certified Energy

27  Practitioners ("NABCEP") so that he could complete his certification in solar energy. (*Id.*)

28  But Defendants denied him the opportunity "complete his education" with Heatspring

1 School and failed to offer him a "solar electricity alternative." (*Id.* at 13.) Johnson alleges

2 Defendants prevented him from obtaining the vocational certification he needs to "obtain

3 six months off [his] sentence." (*Id.*)

4 **C.    Discussion**

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1)

6 that a right secured by the Constitution or laws of the United States was violated, and (2)

7 that the violation was committed by a person acting under the color of state law. *See West*

8 *v. Atkins*, 487 U.S. 42, 48 (1988).

9       In his complaint, Johnson alleges Defendants violated his constitutional rights by

10 denying him an opportunity to pursue his vocational education. (ECF No. 1 at 6–7.) While

11 Johnson references the Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to

12 the U.S. Constitution, he fails to elaborate on how these authorities support his claim. (ECF

13 No. 1 at 6–7.) But regardless, prisoners do not have a constitutional right to an education.

14 *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (stating the deprivation of rehabilitation

15 and educational programs in prison does not violate the Eighth Amendment); *Toussaint v.*

16 *McCarthy*, 801 F.2d 1080, 1092 (9th Cir. 1986) (stating that a Fourteenth Amendment

17 "liberty interest does not arise even when administrative segregation imposes 'severe

18 hardships,' such as 'denial of access to vocational, educational, recreational, and

19 rehabilitative programs'"); *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir.

20 1985) ("General limitation of jobs and educational opportunities [in prison] is not

21 considered punishment."); *see also Smith v. Lambert*, 12 F. App'x 570, 571 (9th Cir. 2001)

22 (stating a prisoner has "no constitutionally protected right to vocational training"); *Wishon*

23 *v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to

24 educational or vocational opportunities during incarceration[.]").

25       Federal district courts repeatedly have rejected § 1983 claims based on prison

26 officials' denial of access to educational opportunities for prisoners like those alleged by

27 Johnson. *See, e.g., Neal v. California*, 2019 WL 3975456, at *2, report and

28 recommendation adopted, 2019 WL 5822744 (E.D. Cal. 2019) (dismissing as "without

merit" plaintiff's claims that defendants failed to provide him with the necessary educational materials to earn early release including access to college programs and e-readers); *Hodge v. Santiesteban*, 2019 WL 2386056, at \*1 (E.D. Cal. 2019) (relying on *Rhodes* and *Toussaint* for proposition that "there is no constitutional right to education in prison" and dismissing claim for relief based upon removal from education course when plaintiff was labelled a gang member); *Godoy v. Brown*, 2019 WL 359418, at \*2 (N.D. Cal. 2019) ("With respect to plaintiff's allegations regarding the prisons' failure to provide educational programs, plaintiff is advised that there is no constitutional right to education or rehabilitation in prison."); *Maraglino v. Cnty. of San Diego*, 2016 WL 4536741, at \*6 (S.D. Cal. 2016) ("There is no constitutional right to education in prison.").

Here, Johnson's claim that Defendants prevented him from enrolling in CTE or vocational classes does not amount to a constitutional violation because he has no constitutional right to educational opportunities in prison. Therefore, the Court dismisses the complaint in its entirety for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

## D. Amendment Would be Futile

Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, however, the Court finds amendment would be futile because Plaintiff's ground for relief is based on a denial of vocational training in prison and there is no such constitutional right. *See Hartmann v. California Dep't of Corr. & Rehab*., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Shatswell v. Taylor*, 2020 WL 210629, at \*2 (N.D. Cal. 2020) (dismissing claim based on denial of educational opportunities in prison without leave to amend because there is no constitutional right to education in prison and, as such, amendment would be futile).

/ / /

## IV.    CONCLUSION AND ORDER

Accordingly, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 9).

2.    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $174.14 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). All payments must be clearly identified by the name and number assigned to this action.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.    **DISMISSES** Plaintiff's Complaint *sua sponte* in its entirety without leave to amend based on a failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). The Court certifies that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: December 16, 2025

Hon. Dana M. Sabraw
United States District Court

7